# Exhibit A

Exhibit A

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [x] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | (860) 548-2700 | July 25, 2017 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| [x] Judicial District  [ ] Housing Session  [ ] G.A. Number: | HARTFORD | Major: T   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| L. Kay Wilson, WILSON LAW FIRM, 2389 Main St., Glastonbury, CT 06033 | 410950 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 559-3733 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [x] Yes  [ ] No

Email address for delivery of papers under Section 10-13 (if agreed to): wilson@kaywilsonlaw.com

Number of Plaintiffs: 1   Number of Defendants: 1   [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: YVETTE JOHNSON<br>Address: 86 West Euclid Ave., Hartford, CT 06112 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: TJX COMPANIES, INC., d/b/a Marshalls, 770 Cochituate Rd., Framingham, MA 01701<br>Address: Agent for Service: CT Corporation System, 67 Burnside Ave., E. Hartford, CT 06108-3408 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| /s/ L. Kay Wilson | | L. Kay Wilson | 06/23/17 |

If this Summons is signed by a Clerk:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

[ Print Form ]   [ Reset Form ]

| RETURN DATE: JULY 25, 2017 | : | CONNECTICUT |
| --- | --- | --- |
| DOCKET No:_____ | : | SUPERIOR COURT |
| YVETTE JOHNSON, | : | JUDICIAL DISTRICT OF |
| Plaintiff, | : | HARTFORD |
| V. | : | AT HARTFORD |
| TJX COMPANIES, INC, | : | JUNE 23, 2017 |
| Defendant | : | |

## COMPLAINT:

### BACKGROUND:

1. The Plaintiff, Yvette Johnson, is a resident of Hartford, Connecticut, residing at 86 West Euclid Street.

2. The Plaintiff is over the age of forty (40) years old.

3. The Plaintiff is a practitioner of Seventh Day Adventism.

4. The Plaintiff is Jamaican and a woman of color.

5. The Defendant, TJX Companies, Inc., employs over fifty (50) employees and runs department stores throughout New England doing business as Marshalls and TJ Maxx.

6. The Plaintiff began working for the Defendant on April 20, 2000, at the Defendant's department store doing business as Marshalls, located at 333 North Main Street, West Hartford, Connecticut.

7. The Plaintiff began as a sales associate and was eventually promoted to Coordinator.

8. In approximately 2012, Maggie Pannicia came to work as a Store Manager for the Defendant. A few weeks after she came to the Plaintiff's store, Pannicia

1

began to cut work hours for the Jamaican employees, including the Plaintiff's work hours.

9. The Plaintiff's work hours were cut from 36 hours to 30 hours per week.

10. Pannicia told the Plaintiff that in order for the Plaintiff to keep her Coordinator position, the Plaintiff would have to work evenings. This rule was not enforced for several Caucasion, non-Jamaican employees in the Coordinator position, who were not forced to work evenings and managed to still keep their Coordinator positions. This is ongoing.

11. Pannicia and the Defendant's District Manager, Peter Balboni, demoted the Plaintiff from being a Coordinator to being a cashier and cut the Plaintiff's pay by a dollar.

12. In April of 2014, the Plaintiff began having problems with Supervisor Saaba Banks, who harassed the Plaintiff about her bathroom breaks which were necessary due to a medical condition for which the Plaintiff had provided medical documentation and because of which she was seeking a reasonable accommodation.

13. Banks demanded that the Plaintiff page Banks every time the Plaintiff needed to have a bathroom break.

14. Banks and another Manager, Rochelle Hommick, went so far in their harassment as to follow the Plaintiff into the bathroom on or about May 16, 2014. The harassment is ongoing.

15. Thereafter, Banks and Hommick would call Pannicia whenever the Plaintiff went to the bathroom and they were timing the Plaintiff's bathroom use.

16. David Gosselin, a white, male, non-Jamaican who was hired as a Coordinator in 2008, started at a much higher rate of pay than the Plaintiff who had been working for the Defendant for eight years at that time as a Coordinator.

17. As a Seventh Day Adventist, the Plaintiff takes her Sabbath starting at sunset Friday night and ending on sunset on Saturday night. The Defendant's District Manager, Peter Balboni, said that the Plaintiff had to work either evenings or Saturdays in order to keep her position as Coordinator. This alleged policy was not enforced for Caucasion, non-Jamaican, Coordinators.

18. The Plaintiff had excellent performance reviews before Pannicia came to her store location as Store Manager. Thereafter, Pannicia started giving her poor evaluations which were not based upon her actual performance, professional demeanor and customer service skills.

19. When the Plaintiff complained to Human Resources about Store Manager Pannicia, Pannicia retaliated by removing the Plaintiff's prior positive reviews from the Plaintiff's personnel file. Pannicia also removed from her personnel file the Plaintiff's doctor's note about the Plaintiff's need for periodic bathroom breaks as a reasonable accommodation.

20. The Plaintiff complained about this unfair, discriminatory treatment several times through written letters to the Human Resources department and to the CEO of the Defendant but nothing changed and there was no meaningful investigation.

21. Management retaliated against the Plaintiff for her complaints by giving her two written warnings in a one week period for specious, implausible reasons on or

about April 28, 2015. Both warnings were for "poor customer relations" which was unfounded and untimely.

22. On or about December of 2014, Pannicia on her own initiated an hand crafted a "policy" for the store that stated that employees were only allowed to take one bathroom break out of their work day.

23. The Front End Coordinator, Ashley Kidwell, admitted that management created this policy because of the Plaintiff's need to be accommodated with bathroom breaks. The "policy" was created and directed at the Plaintiff.

24. The Plaintiff was forced to sign this "bathroom break policy", but when the Defendant's Human Resources Coordinator came to the store to investigate the Plaintiff's complaints, the signed policy was pulled from the Plaintiff's personnel file.

25. The Plaintiff timely filed a complaint with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission and received release letters from each agency. See attached, Exhibit A, CHRO Release of Jurisdiction and Exhibit B, EEOC Release of Jurisdiction.

**COUNT ONE: Violation of Title VII and Connecticut FEPA: National Origin Discrimination (Jamaican):**

26. Paragraphs 1 through 25 are incorporated herein as though fully set forth in this Count One.

27. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991 prohibit discrimination on the basis of national origin.

28. The Plaintiff's nation of origin is Jamaica.

29. The Plaintiff suffered material changes in her conditions of employment, job title, and compensation when agents of the Defendant, Pannicia, Banks, Balboni, and Hommick, targeted the Plaintiff, and other Jamaican employees of the Defendant, for adverse actions such as demotions, pay cuts, cuts in hours worked on the schedule, et cetera, that were not suffered by similarly situated Caucasion and/or non-Jamaican employees of the Defendant.

30. As a result of these actions by the Defendant's management team, the Plaintiff suffered damages.

## COUNT TWO: Violation of Title VII and Connecticut FEPA: Gender/Sex (Female):

31. Paragraphs 1 through 25, are hereby incorporated in this Count Two as though fully set forth herein.

32. David Gosselyn (Caucasion, male, non-Jamaican) was hired in 2008 as a Coordinator with starting pay higher than what I was making as an experienced Coordinator (black, female, Jamaican).

33. As a result of this gender/sex discrimination by managers of the Defendant, I suffered damages.

## COUNT THREE: Violation of Title VII and Connecticut FEPA: Religion (Seventh Day Adventist):

34. Paragraphs 1 through 25, are hereby incorporated in this Count Three as though fully set forth herein.

35. Managers of the Defendant harassed the Plaintiff, discriminated against her and refused to give her a religious accommodation that would exempt her from working on her Sabbath, in violation of her religious beliefs.
36. As a result of the Defendant's religious discrimination, I have suffered damages.

**COUNT FOUR: Violation of the Americans With Disabilities Act and Connecticut FEPA:**

37. Paragraphs 1 through 25, are hereby incorporated in this Count Four as though fully set forth herein.
38. The Plaintiff has a disability or is perceived by members of the Defendant's management team to have a disability.
39. The Plaintiff requested a reasonable accommodation from the Defendant in that she needed regular bathroom breaks and had provided a medical note corroborating her need for this accommodation.
40. The Plaintiff was mocked, humiliated, harassed, monitored and timed during her bathroom breaks by members of the Defendant's management team in retaliation for the Plaintiff's request for a reasonable accommodation.
41. As a result of the illegal, discriminatory and retaliatory acts of the Defendant, the Plaintiff has suffered damages.

**COUNT FIVE: Violation of the Equal Pay Act and Connecticut FEPA:**

42. Paragraphs 1 through 25, are hereby incorporated in this Count Five as though fully set forth herein.
43. The Plaintiff was paid less as a Coordinator than a similarly situated white, non-Jamaican, male Coordinator with less experience in the job title. This inequality

in pay was perpetrated by the Defendant's management team based upon impermissible gender animus.

44. As a result of the Plaintiff receiving un-equal pay, she has suffered damages.

**COUNT SIX: Retaliation in Violation of Title VII, the ADA, the Equal Pay Act, the ADA and Connecticut FEPA:**

45. Paragraphs 1 through 25, are hereby incorporated in this Count Six as though fully set forth herein.

46. Every time the Plaintiff complained to Human Resources or upper management about discrimination and unfair treatment, she experienced retaliation by the Defendant's management team at her store.

47. As a result of the retaliation against her by the Defendant's management team, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff claims the following relief:

1. Money damages;
2. Costs allowed by law;
3. Reasonable Attorneys fees;
4. Treble and/or punitive damages;
5. An ORDER that the Defendant cease and desist from discriminatory practices; and
6. Any other legal or equitable relief deemed appropriate by this Court.

THE PLAINTIFF,

YVETTE JOHNSON,

By: *L. Kay Wilson*
L. Kay Wilson, Esq.
WILSON LAW FIRM
2389 Main Street
Glastonbury, CT 06033
(860)559-3733 Telephone
(860)659-1625 Facsimile
wilson@kaywilsonlaw.com

| | | |
|---|---|---|
| RETURN DATE: JULY 25, 2017 | : | CONNECTICUT |
| DOCKET No:_____ | : | SUPERIOR COURT |
| YVETTE JOHNSON, | : | JUDICIAL DISTRICT OF |
|     Plaintiff, | : | HARTFORD |
| V. | : | AT HARTFORD |
| TJX COMPANIES, INC, | : | |
|     Defendant | : | JUNE 23, 2017 |
| | : | |

## STATEMENT OF AMOUNT IN DEMAND:

The amount in demand exceeds FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of costs and interest.

THE PLAINTIFF,

YVETTE JOHNSON,

By: *L. Kay Wilson* (signature)

L. Kay Wilson, Esq.
WILSON LAW FIRM
2389 Main Street
Glastonbury, CT 06033
(860)559-3733 Telephone
(860)659-1625 Facsimile
wilson@kaywilsonlaw.com

# YVETTE JOHNSON v. TJX COMPANIES, INC:

# EXHIBIT A

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Yvette Johnson
**COMPLAINANT**

CHRO No. 1610111

v.

EEOC No. 16A-2015-01755

TJX Companies, Inc.
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** March 28, 2017

Tanya A. Hughes, Executive Director

cc: L. Kay Wilson, Esq., via email: wilson@kaywilsonlaw.com
Lynn A. Kappelman, Esq., via email: lkappelman@seyfarth.com
Anne S. Bider, Esq., via email: abider@seyfarth.com

# YVETTE JOHNSON v. TJX COMPANIES, INC:

# EXHIBIT B

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Yvette Johnson<br>86 West Euclid Street<br>Hartford, CT 06112 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2015-01755 | Amon L. Kinsey, Jr.,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*     **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*     MAY 0 2 2017

Feng K. An,<br>Area Office Director     *(Date Mailed)*

Enclosures(s)

cc:
TJX COMPANIES, INC.
770 Cocchituate Road
Framingham, MA 01701

L. Kay Wilson, Esq.
WILSON LAW FIRM, PC
2389 Main Street
Glastonbury, CT 06033

OFFICER'S RETURN TO COURT

State of Connecticut )
                            )     ss. East Hartford         June 23, 2017
County of Hartford    )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, TJX COMPANIES, INC., D/B/A MARSHALLS, by leaving a verified true and attested copy of the original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibits A & B** with and in the hands of Gary Scappini, person in charge of C T Corporation System, Statutory Registered Agent for Service and duly authorized to accept service on behalf of the within named defendant, TJX COMPANIES, INC., D/B/A MARSHALLS, at 67 Burnside Avenue, in said Town of East Hartford.

And afterwards, on the 26th day of June, 2017, I mailed, first class postage prepaid, one verified true and attested copy of the original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibits A & B** addressed to the State of Connecticut, Commission on Human Rights and Opportunities, 450 Columbus Blvd., Suite 2, Hartford, CT 06106, pursuant to C.G.S. Sec. 46a-103.

The within is the original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibits A & B** with my doings hereon endorsed.

Attest:

_____
Elizabeth J. Ostrowski
Connecticut State Marshal
Hartford County

Fees:
Service              $ 80.00
Verified Pages    $ 28.00
Endorsements     $  2.80
TOTAL              $110.80